IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DIAG HUMAN S.E.,                         :
Langstrasse 33, 4940 Vaduz, Principality  :   Civil Action No. 1:13-cv-00355-ABJ
of Liechenstein,                         :
                                         :
          Plaintiff,                     :
                                         :
     v.                                  :
                                         :
THE CZECH REPUBLIC-MINISTRY              :
OF HEALTH,                               :
Palackeno namesti, 4, Prague 2, 128, 01, :
Czech Republic,                          :
                                         :
          Defendant.                     :

## DEFENDANT'S SECOND SUPPLEMENT TO MOTION TO DISMISS COMPLAINT

Defendant, The Czech Republic-Ministry of Health (the "Czech Republic"), by its undersigned counsel, hereby files this Second Supplement to its Motion to Dismiss Complaint previously filed on August 30, 2013.

In further support of its Motion to Dismiss Complaint and Memorandum of Points and Authorities in support thereof, the Czech Republic relies upon the following document, which is incorporated herein and made a part hereof:

Exhibit JJ:     Judgment – Supreme Court of France, Cassation complaint No. S
                12-29.112, March 5, 2014

WHEREFORE, the Czech Republic respectfully requests that this Honorable Court grant its Motion to Dismiss and dismiss the Complaint of Diag Human.



Respectfully submitted,

BABST, CALLAND,
CLEMENTS & ZOMNIR, P.C.

By  /s/ Dean A. Calland
      Dean A. Calland
      D.C. I.D. No. 289207
      dcalland@babstcalland.com

By  /s/ Leonard Fornella
      Leonard Fornella
      Admitted Pro Hac Vice
      lfornella@babstcalland.com

By  /s/ Alana E. Fortna
      Alana E. Fortna
      Admitted Pro Hac Vice
      afortna@babstcalland.com

Two Gateway Center, 6th Floor
Pittsburgh, Pennsylvania 15222
Telephone: 412-394-5400

Attorneys for Defendant,
The Czech Republic-Ministry of Health

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of March, 2014, I electronically filed the foregoing **Second Supplement to Motion to Dismiss Complaint** with the Clerk of Court using the Court's ECF system, which automatically sent notification of such filing to the following:

James R. Schiffer, Esquire
Hyman L. Shaffer, Esquire
ALLEGAERT BERGER & VOGEL LLP
111 Broadway, 20th Floor
New York, NY 10006

/s/ Alana E. Fortna

EXTRAIT DES MINUTES DU
SECRÉTARIAT-GREFFE DE LA
COUR DE CASSATION

SCP CELICE

CIV. 1

FB

## COUR DE CASSATION

Audience publique du **5 mars 2014**

Rejet

M. CHARRUAULT, président

Arrêt n° 193 FS-P+B+I

Pourvoi n° S 12-29.112



EXPÉDITION
EXÉCUTOIRE

R É P U B L I Q U E   F R A N Ç A I S E

AU NOM DU PEUPLE FRANÇAIS

    LA COUR DE CASSATION, PREMIÈRE CHAMBRE CIVILE,
a rendu l'arrêt suivant :

    Statuant sur le pourvoi formé par la société Diag Human SE,
dont le siège est Vaduz Landstrasse 33, 9490 Vaduz (Liechtenstein),

contre l'arrêt rendu le 20 novembre 2012 par la cour d'appel de Paris (pôle 1,
chambre 1), dans le litige l'opposant à la République tchèque, dont le siège
est ministère de la santé Palackeho Nam 4 Nam 4 12801, Prague 2
(République tchèque),

défenderesse à la cassation ;

    La demanderesse invoque, à l'appui de son pourvoi, le moyen
unique de cassation annexé au présent arrêt ;

    Vu la communication faite au procureur général ;

    LA COUR, composée conformément à l'article R. 431-5 du
code de l'organisation judiciaire, en l'audience publique du 28 janvier 2014,



**EXHIBIT**

JJ

2                                                                          193

où étaient présents : M. Charruault, président, M. Matet, conseiller rapporteur, Mme Bignon, conseiller doyen, MM. Savatier, Hascher, Reynis, Chauvin, conseillers, Mmes Maitrepierre, Guyon-Renard, M. Mansion, Mmes Mouty-Tardieu, Le Cotty, Gargoullaud, conseillers référendaires, M. Sarcelet, avocat général, Mme Nguyen, greffier de chambre ;

Sur le rapport de M. Matet, conseiller, les observations de la SCP Fabiani et Luc-Thaler, avocat de la société Diag Human, de la SCP Célice, Blancpain et Soltner, avocat de la République tchèque, l'avis de M. Sarcelet, avocat général, et après en avoir délibéré conformément à la loi ;

Sur le moyen unique, pris en ses diverses branches :

Attendu, selon l'arrêt attaqué (Paris, 20 novembre 2012), qu'un différend financier est né entre la société Diag Human (la société), dont le siège est au Liechtenstein, qui fournissait du plasma humain au ministère de la santé de la République tchèque, et celle-ci ; que les parties ont conclu une convention d'arbitrage, puis mis en œuvre un arbitrage ad hoc ; qu'une sentence partielle du 27 mai 1998 a reconnu le principe de la responsabilité de la République tchèque et qu'une autre du 25 juin 2002 a alloué à la société diverses sommes en réparation de certains chefs de préjudice ; qu'un tribunal arbitral statuant sur les derniers points en litige a, par décision du 4 août 2008, dit que la République tchèque était tenue de verser diverses sommes à la société ; que, le 22 août 2008, la République tchèque a notifié à la société une demande de réexamen de cette dernière décision ; que la société a sollicité l'exequatur de la sentence du 4 août 2008 ;

Attendu que la société fait grief à l'arrêt de rejeter sa demande, alors, selon le moyen :

1°/ que constitue une sentence susceptible de recevoir l'exequatur, tout acte des arbitres qui tranche, de manière définitive, en tout ou partie, le litige qui leur est soumis ; que tel est le cas de « la sentence définitive », qui comme celle en cause en l'espèce, a été rendue dans le cadre d'une procédure arbitrale soumise à réexamen dans laquelle les parties disposent de la possibilité, une fois la sentence rendue, de faire réexaminer l'affaire par un autre tribunal arbitral dès lors que cette sentence a tranché le litige soumis aux arbitres et ce, même si les parties ont usé de leur faculté de faire réexaminer l'affaire ; que la cour d'appel, qui a jugé l'inverse, a violé les articles 1484, 1514 et 1516 du code de procédure civile ;

2°/ que l'exequatur doit être prononcé au regard de la régularité intrinsèque de la décision soumise au juge et sans égard au sort qui pourrait lui être réservé du fait de l'exercice des voies de recours ouvertes contre celle-ci par la convention d'arbitrage ou la loi du lieu du siège de l'arbitrage ;

que la cour d'appel, qui a refusé l'exequatur en raison de la demande de réexamen formulée par la République tchèque, a violé l'article 1516 du code de procédure civile ;

3°/ que sauf le recours en révision prévu à l'article 1502 du code de procédure civile, le droit français de l'arbitrage international interdit l'exercice de toute voie de recours contre la sentence ; qu'en affirmant que l'institution par la Convention d'arbitrage d'une procédure de réexamen ne heurte aucune règle du droit français quand une telle procédure, qui vise à faire réexaminer l'entier litige par une nouvelle formation arbitrale, constitue une voie de recours offerte aux parties contre la sentence, la cour d'appel a violé les articles 1502, 1506, 1516, 1520 et 1525, alinéa 4, du code de procédure civile ;

4°/ que l'exequatur d'une sentence rendue à l'étranger ne peut être refusé par le juge d'appel que dans les cas prévus à l'article 1520 du code de procédure civile ou s'il n'est pas saisi d'une véritable sentence, tranchant tout ou partie du litige soumis aux arbitres ; qu'à supposer que, comme l'a retenu l'arrêt attaqué, la sentence déférée à la cour d'appel ne pouvait acquérir autorité de la chose jugée qu'en l'absence d'une demande de réexamen, il appartenait alors à la cour d'appel, à laquelle incombait le soin de vérifier si elle était ou non saisie d'une sentence ayant autorité de la chose jugée, de rechercher si, comme le soutenait la société Diag Human (cf. ses conclusions d'appel, p. 9 § 8 et 9, p. 10 § 1 et 2 et p. 12 § 2 à 8), la demande de réexamen avait été valablement formée, faute de quoi celle-ci ne pouvait empêcher la sentence d'acquérir l'autorité de la chose jugée ; que la cour d'appel, qui a refusé de le faire, a violé les articles 1484, 1514, 1516, 1520 et 1525, alinéa 4, du code de procédure civile ;

5°/ qu'en statuant de la sorte, la cour d'appel n'a pas mis la Cour de cassation en mesure de contrôler la qualification de sentence et, partant, le respect des articles 1520 et 1525, alinéa 4, du code de procédure civile ; qu'elle a ainsi privé sa décision de base légale au regard de ces articles ;

6°/ que l'exécution des décisions de justice, fussent-elles de nature arbitrale, relève des garanties du droit à un procès équitable résultant de l'article 6 § 1 de la Convention européenne de sauvegarde des droits de l'Homme ; qu'en refusant l'exequatur de la sentence définitive rendue le 4 août 2008 à l'issue d'une procédure arbitrale qui avait duré douze ans et ce, alors même qu'il était par ailleurs constant et non contesté que le tribunal arbitral devant réexaminer l'affaire n'était toujours pas constitué à la date de son arrêt, soit plus de quatre ans après la demande de réexamen, la cour d'appel, qui a fait obstacle à l'exécution de la seule décision rendue dans un contentieux qui dure depuis seize ans, a méconnu les exigences du droit à

4                                                    193

*un procès équitable et a violé l'article 6 § 1 de la Convention européenne de sauvegarde des droits de l'Homme et des libertés fondamentales ;*

*7°/ qu'une sentence arbitrale constitue un bien au sens de l'article 1 du Premier protocole additionnel à la Convention européenne de sauvegarde des droits de l'Homme, de sorte que toute ingérence de l'Etat dans la substance même du droit de propriété qui s'y attache doit ménager un juste équilibre entre les exigences de l'intérêt général et les impératifs de la sauvegarde des droits fondamentaux de l'individu ; qu'en refusant l'exequatur de la sentence définitive rendue le 4 août 2008 à l'issue d'une procédure arbitrale qui avait duré douze ans et ce, alors même qu'il était par ailleurs constant et non contesté que le tribunal arbitral devant réexaminer l'affaire n'était toujours pas constitué à la date de son arrêt, soit plus de quatre ans après la demande de réexamen, la cour d'appel a porté une atteinte disproportionnée à la substance même du droit de propriété s'attachant à cette sentence et a ainsi violé l'article 1er du Premier Protocole additionnel à la Convention européenne de sauvegarde des droits de l'Homme ;*

Mais attendu que l'arrêt constate qu'en application de l'article V de la convention d'arbitrage les parties s'étaient réservé la faculté de demander le réexamen de la décision du tribunal arbitral et que celle-ci n'acquerrait force de chose jugée qu'à défaut d'une demande de nouvel examen dans le délai convenu ; qu'ayant relevé, d'abord, que le qualificatif de sentence arbitrale définitive attribuée par les arbitres à leur décision du 4 août 2008 faisait seulement référence au fait qu'ils y avaient réglé les derniers points en litige après plusieurs sentences partielles, ensuite, que la République tchèque avait formé, dans les délais prévus, une demande de réexamen de la décision du 4 août 2008 et qu'un second tribunal arbitral était en cours de constitution, enfin, que l'autorité de chose jugée n'était attachée qu'aux seules sentences arbitrales,   la cour d'appel, qui n'avait pas à procéder à une recherche que ses constatations rendaient inopérante,  en a exactement déduit que la demande de réexamen anéantissait la décision originaire ; que le moyen, qui est irrecevable comme nouveau et mélangé de fait en ses deux dernières branches, ne peut être accueilli ;

PAR CES MOTIFS :

REJETTE le pourvoi ;

Condamne la société Diag Human aux dépens ;

Vu l'article 700 du code de procédure civile, rejette sa demande et la condamne à payer à la République tchèque la somme de 3 000 euros ;

5                                    193

        Ainsi fait et jugé par la Cour de cassation, première chambre
civile, et prononcé par le président en son audience publique du
cinq mars deux mille quatorze.

MOYEN ANNEXE au présent arrêt

Moyen produit par la SCP Fabiani et Luc-Thaler, avocat aux Conseils, pour la société Diag Human.

Il est fait grief à l'arrêt infirmatif attaqué d'AVOIR rejeté la demande de la société DIAG HUMAN tendant à faire revêtir de l'exequatur la sentence arbitrale définitive du 4 août 2008 et de l'AVOIR condamnée à payer à la République tchèque une indemnité de 20.000 € au titre de l'article 700 du code de procédure civile ;

AUX MOTIFS QUE : « la sentence internationale, qui n'est rattachée à aucun ordre juridique étatique, est une décision de justice internationale dont la régularité est examinée au regard des règles applicables dans le pays où sa reconnaissance et son exécution sont demandées ; que constituent de véritables sentences, les actes des arbitres qui tranchent de manière définitive, en tout ou partie, le litige qui leur est soumis, que ce soit au fond, sur la compétence ou sur un moyen de procédure qui les conduit à mettre fin à l'instance ; qu'en l'espèce, à la suite de la fourniture par DIAG HUMAN de plasma sanguin au ministère de la santé tchèque, un différend est survenu que les parties sont convenues de soumettre à l'arbitrage ; qu'une convention a été conclue à cet effet le 18 septembre 1996, prévoyant un arbitrage ad hoc ; qu'aux termes de l'article V de cette convention : « Les parties ont également convenu que la sentence arbitrale serait susceptible d'être réexaminée par d'autres arbitres que les parties choisiront de la même manière, si une demande de réexamen parvient à l'autre partie dans un délai de 30 jours après la date à laquelle la sentence arbitrale est parvenue à la partie demandant le réexamen (...) Si une demande de réexamen ne parvient pas à l'autre partie dans ledit délai, la sentence arbitrale acquerra force de chose jugée et les parties s'engagent à respecter de plein gré le délai fixé par les arbitres, faute de quoi elle pourra être exécutée par le tribunal compétent » ; que des juridictions arbitrales composées de trois membres siégeant à Prague ont rendu notamment une sentence partielle de réexamen en date du 27 mai 1998 reconnaissant le principe de la responsabilité de la REPUBLIQUE TCHEQUE, une autre sentence partielle de réexamen en date du 25 juin 2002 allouant à DIAG HUMAN des dommages-intérêts en réparation de certains chefs de préjudice et enfin, la sentence du 4 août 2008, dont l'exequatur fait l'objet de la présente contestation, qui se prononce sur tous les points qui restaient en litige ente les parties ; qu'il est constant que cette dernière décision a été notifiée aux deux parties le 13 août 2008 et que le 22 août 2008, la REPUBLIQUE TCHEQUE a notifié à DIAG HUMAN une demande de réexamen contenant désignation de son arbitre dans la nouvelle instance ; que la procédure de constitution du second tribunal arbitral est toujours en cours ; que si suivant l'article 1484 alinéa 1er du code de procédure civile, applicable en matière d'arbitrage international en vertu de l'article 1506, 4° du même code, la

sentence arbitrale a, dès qu'elle est rendue, l'autorité de la chose jugée relativement à la contestation qu'elle tranche, il n'en va ainsi que pour autant que l'acte en cause s'analyse en une véritable sentence ; qu'il appartient au juge de l'exequatur de se prononcer sur ce point et, le cas échéant, de requalifier un acte inexactement dénommé ; que si, en l'espèce, le document soumis à l'exequatur s'intitule sentence arbitrale définitive, ce dernier qualificatif faisant du reste seulement référence à la circonstance que s'y trouvent examinés les derniers points en litige après qu'ont été rendues plusieurs sentences partielles, il résulte clairement des stipulations précitées de la 'arbitrage, que la commune intention des parties était de refuser à un tel acte la qualité de sentence dès lors qu'une demande de réexamen était formée dans le délai ; que de tels aménagements conventionnels ne heurtent aucune règle du droit français qui n'attache l'autorité de chose jugée qu'aux seules sentences arbitrales ; que si HUMAN DIAG fait valoir que la demande de réexamen formée par la REPUBLIQUE TCHEQUE est irrégulière faute de qualité de son signataire, de sorte que la sentence du 4 août 2008 serait devenue définitive, ce moyen est une fin de non-recevoir de la seconde instance arbitrale qu'il n'appartient qu'aux arbitres de trancher ; qu'il résulte de ce qui précède que l'ordonnance qui a conféré l'exequatur à un acte dépourvu des caractères d une sentence arbitrale doit être infirmée » ;

ALORS, D'UNE PART, QUE constitue une sentence susceptible de recevoir l'exéquatur, tout acte des arbitres qui tranche, de manière définitive, en tout ou partie, le litige qui leur est soumis ; que tel est le cas de « la sentence définitive », qui comme celle en cause en l'espèce, a été rendue dans le cadre d'une procédure arbitrale soumise à réexamen dans laquelle les parties disposent de la possibilité, une fois la sentence rendue, de faire réexaminer l'affaire par un autre tribunal arbitral dès lors que cette sentence a tranché le litige soumis aux arbitres et ce, même si les parties ont usé de leur faculté de faire réexaminer l'affaire ; que la cour d'appel, qui a jugé l'inverse, a violé les articles 1484, 1514 et 1516 du code de procédure civile ;

ALORS, D'AUTRE PART, QUE l'exéquatur doit être prononcé au regard de la régularité intrinsèque de la décision soumise au juge et sans égard au sort qui pourrait lui être réservé du fait de l'exercice des voies de recours ouvertes contre celle-ci par la convention d'arbitrage ou la loi du lieu du siège de l'arbitrage ; que la cour d'appel, qui a refusé l'exéquatur en raison de la demande de réexamen formulée par la République tchèque, a violé l'article 1516 du code de procédure civile ;

ALORS, DE TROISIEME PART, QUE sauf le recours en révision prévu à l'article 1502 du code de procédure civile, le droit français de l'arbitrage international interdit l'exercice de toute voie de recours contre la sentence ; qu'en affirmant que l'institution par la Convention d'arbitrage d'une procédure de réexamen ne heurte aucune règle du droit français quand une telle procédure, qui vise à faire réexaminer l'entier litige par une nouvelle

8                                                                                              193

formation arbitrale, constitue une voie de recours offerte aux parties contre la sentence, la cour d'appel a violé les articles 1502, 1506, 1516, 1520 et 1525 alinéa 4 du code de procédure civile ;

ALORS, DE QUATRIEME PART ET SUBSIDIAIREMENT, QUE l'exequatur d'une sentence rendue à l'étranger ne peut être refusé par le juge d'appel que dans les cas prévus à l'article 1520 du code de procédure civile ou s'il n'est pas saisi d'une véritable sentence, tranchant tout ou partie du litige soumis aux arbitres ; qu'à supposer que, comme l'a retenu l'arrêt attaqué, la sentence déférée à la cour d'appel ne pouvait acquérir autorité de la chose jugée qu'en l'absence d'une demande de réexamen, il appartenait alors à la cour d'appel, à laquelle incombait le soin de vérifier si elle était ou non saisie d'une sentence ayant autorité de la chose jugée, de rechercher si, comme le soutenait la société DIAG HUMAN (cf. ses conclusions d'appel, p. 9 § 8 et 9, p. 10 § 1 et 2 et p. 12 § 2 à 8), la demande de réexamen avait été valablement formée, faute de quoi celle-ci ne pouvait empêcher la sentence d'acquérir l'autorité de la chose jugée ; que la cour d'appel, qui a refusé de le faire, a violé les articles 1484, 1514, 1516, 1520 et 1525 alinéa 4 du code de procédure civile ;

ALORS, DE CINQUIEME PART, QU'en statuant de la sorte, la cour d'appel n'a pas mis la Cour de cassation en mesure de contrôler la qualification de sentence et, partant, le respect des articles 1520 et 1525 alinéa 4 du code de procédure civile ; qu'elle a ainsi privé sa décision de base légale au regard de ces articles ;

ALORS, DE SIXIEME PART, QUE l'exécution des décisions de justice, fussent-elles de nature arbitrale, relève des garanties du droit à un procès équitable résultant de l'article 6 § 1 de la Convention européenne de sauvegarde des droits de l'Homme ; qu'en refusant l'exéquatur de la sentence définitive rendue le 4 août 2008 à l'issue d'une procédure arbitrale qui avait duré douze ans et ce, alors même qu'il était par ailleurs constant et non contesté que le tribunal arbitral devant réexaminer l'affaire n'était toujours pas constitué à la date de son arrêt, soit plus de quatre après la demande de réexamen, la cour d'appel, qui a fait obstacle à l'exécution de la seule décision rendue dans un contentieux qui dure depuis seize ans, a méconnu les exigences du droit à un procès équitable et a violé l'article 6 § 1 de la Convention européenne de sauvegarde des droits de l'Homme et des libertés fondamentales ;

ALORS, DE SEPTIEME PART ET ENFIN, QU'une sentence arbitrale constitue un bien au sens de l'article 1 du Premier protocole additionnel à la Convention européenne de sauvegarde des droits de l'Homme, de sorte que toute ingérence de l'Etat dans la substance même du droit de propriété qui s'y attache doit ménager un juste équilibre entre les exigences de l'intérêt général et les impératifs de la sauvegarde des droits fondamentaux de

l'individu ; qu'en refusant l'exéquatur de la sentence définitive rendue le 4 août 2008 à l'issue d'une procédure arbitrale qui avait duré douze ans et ce, alors même qu'il était par ailleurs constant et non contesté que le tribunal arbitral devant réexaminer l'affaire n'était toujours pas constitué à la date de son arrêt, soit plus de quatre après la demande de réexamen, la cour d'appel a porté une atteinte disproportionnée à la substance même du droit de propriété s'attachant à cette sentence et a ainsi violé l'article 1er du Premier Protocole additionnel à la Convention européenne de sauvegarde des droits de l'Homme.

- 10 -

Pourvoi(s) n°: S1229112

-11-

EN CONSÉQUENCE,

LA RÉPUBLIQUE FRANÇAISE

MANDE ET ORDONNE

à tous huissiers de justice, sur ce requis, de mettre ladite décision à exécution, aux procureurs généraux et aux procureurs de la République près les tribunaux de grande instance d'y tenir la main, à tous commandants et officiers de la force publique de prêter main-forte lorsqu'ils en seront légalement requis.

En foi de quoi, la présente décision a été signée par le président, le rapporteur et le greffier.

POUR COPIE CERTIFIÉE CONFORME REVÊTUE DE LA FORMULE EXÉCUTOIRE FAITE EN    ONZE    PAGES, ET COLLATIONNEE,   DONT UNE RAYEE NULLE, DÉLIVRÉE LE 13 MARS 2014.

P/LE DIRECTEUR DE GREFFE
DE LA COUR DE CASSATION

À la requête de la SCP CELICE-BLANCPAIN-SOLTNER Avocat au Conseil d'Etat et à la Cour de Cassation, copie de ce qui précède a été signifiée à SCP FABIANI-LUC-THALER

Avocat audit Conseil et à ladite Cour, en parlant à son secrétaire, par nous **Jacques A. AUGEARD** Huissier au Conseil d'Etat et Audiencier à la Cour de Cassation, ce jourd'hui
Coût :    € :      copies gratis :

DIX NEUF MARS DEUX MILLE QUATORZE

*- Translation from the French language -*

*SCP CELICE*

*Stamp: EXTRACT FROM THE MINUTES OF THE JUDICIAL OFFICE*
*OF THE CASSATION COURT*

*Signature illegible*

**FIRST CIVIL CHAMBER**                                    FB

**CASSATION COURT**

Public hearing of **5 March 2014**

Dismissal

M. CHARRUAULT, Presiding judge

Judgment No. 193 FS-P+B+I

Cassation complaint No. S 12-29.112

*Stamp:*
**ENFORCEABLE**
**CERTIFIED COPY**

## FRENCH REPUBLIC

---

IN THE NAME OF THE FRENCH PEOPLE

---

THE CASSATION COURT, FIRST CIVIL CHAMBER, has issued the following judgment:

Deciding on a cassation complaint lodged by Diag Human SE, with its registered office in Vaduz, Landstrasse 33, 9490 Vaduz (Liechtenstein),

against judgment issued by the Court of Appeal in Paris (Division 1, Chamber 1) on 20 November 2012 in its dispute against the Czech Republic, Ministry of Health, with its seat at Palackeho Nam 4, 12801 Prague 2 (the Czech Republic),

the Respondent in the cassation proceedings;

The Complainant invokes, in support of its cassation complaint, a single ground for cassation, as attached as an annex hereto;

Having regard to a communication to the attorney general;

THE COURT, composed in accordance with Article R. 431-5 of the Code of Organization of Justice, at a public hearing held on 28 January 2014,

in the presence of: Mr Charruault, presiding judge, Mr Matet, judge rapporteur, Mrs Bignon, senior trial judge, Messrs Savatier, Hascher, Reynis, Chauvin, trial judges, Mesdammes Maitrepierre, Guyon-Renard, Mr Mansion, Mesdammes Mouty-Tardieu, Le Cotty, Gargoullaud, deputy judges, M. Sarcelet, advocate general, Mrs Nguyen, recorder of the chamber;

On the basis of a report of the judge Matet, a statement of the SCP Fabiani and Luc-Thaler law office, as the counsels for Diag Human, a statement of the SCP Célice, Blancpain and Soltner law office, as the counsels for the Czech Republic, and the opinion of the advocate general Sarcelet, and having deliberated in accordance with the law;

On the basis of a single ground for cassation, assessed in its individual parts:

Considering that, according to the contested judgment (of the Court of Appeal in Paris, dated 20 November 2012), a financial dispute arose between Diag Human (hereinafter the Company), with its registered office in Liechtenstein, which supplied human plasma to the Ministry of Health of the Czech Republic, and the latter; that the parties concluded an arbitration agreement and, subsequently, initiated ad hoc arbitration proceedings; that by a partial arbitral award of 27 May 1998, the liability of the Czech Republic was recognized as to the merits of the claim and, by another arbitral award of 25 June 2002, various sums were awarded to the Company as partial compensation of the injury incurred; that the arbitration tribunal stipulating on the last disputed issues ordered the Czech Republic, by its decision of 4 August 2008, to pay various amounts to the Company; that, on 22 August 2008, the Czech Republic delivered to the Company a request for review of the latter decision; that the Company applied for enforcement of the arbitral award of 4 August 2008;

Whereas the Company criticizes the contested judgment for having dismissed its application, although, according to the ground for cassation:

1) any act of arbitrators whereby a dispute referred to the arbitrators is finally resolved, as a whole or partially, represents an arbitral award eligible for enforcement; that the above applies also to a "final arbitral award" which, like the one that is at stake in the case at hand, was issued in arbitration proceedings subject to review, in which the parties, once an arbitral award is issued, are entitled to have the case reviewed by another arbitral tribunal, provided that the dispute submitted to the arbitrators has been resolved by the award, even where the parties have exercised their right to have the case reviewed; that, having decided to the contrary, the appellate court violated the provisions of Articles 1484, 1514 and 1516 of the Code of Civil Procedure;

2) that a decision on enforceability must be made on the basis of the inherent regularity of the decision submitted to the judge, irrespective of what fate awaits the decision with a view to the appellate remedies available against it under the arbitration agreement or the law applicable in the seat of the arbitration; that, having dismissed the application for

*enforcement of the arbitral award on the grounds that the Czech Republic had submitted a request for review, the appellate court violated the provisions of Article 1516 of the Code of Civil Procedure;*

*3) that, with the exception of the application for appellate review under Article 1502 of the Code of Civil Procedure, the French law of international arbitration excludes any appellate remedies against an arbitral award; that, having concluded that the review arbitration proceedings established by the arbitration agreement do not violate any provision of the French law, although such proceedings, which stipulate a possibility to have the entire case reviewed by a new arbitral tribunal, represent an appellate remedy available to the parties against the arbitral award, the appellate court violated Articles 1502, 1506, 1516, 1520 and 1525 (4) of the Code of Civil Procedure;*

*4) that the appellate court may refuse enforcement of an arbitral award issued in a foreign country only in cases set out in Article 1520 of the Code of Civil Procedure or if the document submitted to the court is not a veritable arbitral award whereby the dispute referred to the arbitrators has been resolved, either as a whole or partially; that, assuming, as stipulated in the contested judgment, that the arbitral award referred to the appellate court could only come into legal force in the absence of any request for review, the appellate court, which has the duty to verify whether or not the document submitted to it is indeed a final (in legal force) arbitral award, should have investigated whether, as argued by Diag Human (cf. its statement of the grounds for appeal, p. 9 paras. 8 and 9, p. 10 paras. 1 and 2 and p. 12 paras. 2 to 8), the request for review had been validly submitted since, if it were not the case, such a request could not have prevented the arbitral award from coming into legal force; that the appellate court, which had refused to verify the validity of the request for review, violated the provisions of Articles 1484, 1514, 1516, 1520 and 1525 (4) of the Code of Civil Procedure;*

*5) that, having resolved as mentioned above, the appellate court made it impossible for the Cassation Court to verify the qualification of the arbitral award and, consequently, the compliance with the preconditions stipulated in Articles 1520 and 1525 (4) of the Code of Civil Procedure; that, on those grounds, its decision lacks legal basis with respect to the cited Articles;*

*6) that enforcement of court decisions, even where they have the nature of arbitral awards, follows from the principles of fair trial guaranteed by Article 6 (1) of the European Convention for the Protection of Human Rights and Fundamental Freedoms; that, having dismissed the application for enforcement of the Final Arbitral Award issued on 4 August 2008 in a twelve-year arbitration proceedings, although, inter alia, it was a proven fact and common grounds that the arbitral tribunal that was to review the case had not yet been constituted as of the date of the appellate court's judgment, i.e. more than four years after the date of the request for review, the appellate court, which prevented enforcement of a single decision issued in the contentious proceedings lasting for more than sixteen years,*

*failed to respect its duties under the right to a fair trial and violated the provisions of Article 6 (1) of the European Convention for the Protection of Human Rights and Fundamental Freedoms;*

*7) that an arbitral award represents a property in the sense of Article 1 of Protocol 1 to the European Convention for the Protection of Human Rights and Fundamental Freedoms and, consequently, any State interference with the very essence of the right to property attached thereto must guarantee a fair balance between the demands of the general interest and the mandatory requirements of the protection of the fundamental rights of an individual; that, having dismissed the application for enforcement of the Final Arbitral Award issued on 4 August 2008 in a twelve-year arbitration proceedings, although, inter alia, it was a proven fact and common grounds that the arbitral tribunal that was to review the case had not yet been constituted as of the date of the appellate court's judgment, i.e. more than four years after the date of the request for review, the appellate court disproportionally interfered with the very essence of the right to property attached to the arbitral award and thus violated the provisions of Article 1 of Protocol 1 to the European Convention for the Protection of Human Rights and Fundamental Freedoms;*

However, considering that the judgment states that by virtue of Article V of the arbitration agreement, the parties reserved the right to request a review of the decision of the arbitral tribunal and that such a decision would only come into legal force in the absence of any request for a new review within the set deadline; considering that, having ascertained, first, that the designation 'Final Arbitral Award' used by the arbitrators for their decision of 4 August 2008 only referred to the fact that the arbitrators thereby resolved the remaining disputed issues after several partial arbitral awards had been issued; and further, that the Czech Republic had lodged a request for review of the decision of 4 August 2008 within the set deadlines and that the second arbitration tribunal was being constituted; and finally, that the effects of a final *(i.e. in legal force)* court decision were attributed only to arbitral awards, the appellate court, which was not required to perform any investigation to rebut its conclusions, correctly concluded that the request for review nullified the original decision; that the ground for cassation, which is inadmissible for being new and confusing factual *(and legal-trans.)* arguments in its last two parts, cannot be accepted;

ON THE ABOVE GROUNDS:

DISMISSES the cassation complaint;

Orders Diag Human to pay the costs of the proceedings;

On the basis of Article 700 of the Code of Civil Procedure, the COURT dismisses its motion and orders Diag Human to pay to the Czech Republic the amount of EUR 3,000;

193

Thus determined and decided by the Cassation Court, the First Civil Chamber, and pronounced by the presiding judge at a hearing of the present Chamber held on the fifth of March of the year two thousand and fourteen.

*Rest of the page crossed-out - trans.*

6                                              193

THE GROUND FOR CASSATION ANNEXED to the present judgment

The ground for cassation submitted by the SCP Fabiani and Luc-Thaler law office, attorneys at the Cassation Court, on behalf of Diag Human.

The contested judgment of the appellate court cancelling the decision of the first-instance court is criticized FOR HAVING dismissed the application to recognize enforceability of the Final Arbitral Award of 4 August 2008 lodged by DIAG HUMAN, and FOR HAVING ordered DIAG HUMAN to pay to the Czech Republic a compensation for the costs of the proceedings in the amount of EUR 20,000 on the basis of Article 700 of the Code of Civil Procedure;

ON THE GROUNDS THAT: "an international arbitral award, which is not attached to national laws of any jurisdiction, represents a decision of an international tribunal, whose regularity is assessed pursuant to the rules applicable in the country where its recognition or enforcement is sought; that only such decisions of arbitrators, whether *in rem*, on jurisdiction or on an injunction, whereby a dispute referred to the arbitrators is finally resolved, as a whole or partially, and the proceedings closed constitute veritable arbitral awards; that, in the case at hand, supply of blood plasma by DIAG HUMAN to the Ministry of Health of the Czech Republic gave rise to a dispute, which the parties agreed to submit for resolution in arbitration proceedings; that an arbitration agreement was concluded to this end on 18 September 1996, which envisaged *ad hoc* arbitration proceedings; that Article V of the cited arbitration agreement stipulates: "The parties further agreed that the arbitral award would be subject to review by different arbitrators, who would be chosen by the parties in the same manner, provided that an application for review is delivered to the other party within 30 days of the date when the party applying for the review was served with the arbitral award (...) If no request for review is delivered to the other party within the set time period, the arbitral award shall come into legal force and the parties have agreed to fulfil it voluntarily within the time period set by the arbitrators, otherwise it may be enforced by the court of jurisdiction."; that arbitral tribunals composed of three members and seated in Prague issued, in particular, a review partial arbitral award of 27 May 1998, determining the liability of the CZECH REPUBLIC with respect to the merits of the claim, another review partial arbitral award of 25 June 2002, awarding to DIAG HUMAN damages as partial compensation of the injury incurred, and, finally, the arbitral award of 4 August 2008, whose enforcement is the subject of the dispute at hand and which resolved all issues that remained disputed between the parties; that it is a proven fact that the latter decision was delivered to both parties on 13 August 2008 and that, on 22 August 2008, the CZECH REPUBLIC delivered to DIAG HUMAN a request for review of the decision including appointment of its arbitrator for the new arbitral tribunal; that the proceedings on establishment of the new arbitral tribunal are still pending; that while, pursuant to Article 1484 (1) of the Code of Civil Procedure, applicable to

international arbitration by virtue of Article 1506 (4) of the same Code, an arbitral award acquires, upon its issue, the effects of a final *(i.e. in legal force)* court ruling with respect to the subject of the dispute in which it was rendered, this does not automatically mean that the decision concerned can actually be qualified as a veritable arbitral award; that it pertains to the enforcement court to determine whether or not this is the case and, where appropriate, to re-qualify an inaccurately designated decision; that while, in the case at hand, the decision submitted for enforcement is entitled "Final Arbitral Award", the first adjective moreover merely referring to the fact that it resolved the remaining disputed issues after several partial arbitral awards had been issued, it clearly follows from the above-cited provisions of the arbitration agreement that the common intention of the parties was to deprive such a resolution of the properties of an arbitral award if a request for review thereof was lodged within the agreed deadline; that such contractual arrangements do not violate any provision of the French laws, which only attribute the effects of a final court decision to arbitral awards; that, where DIAG HUMAN argues that the request for review lodged by the CZECH REPUBLIC is invalid due to lack of authorization of the signatory and that, as a consequence, the arbitral award of 4 August 2008 came to legal force, this plea of inadmissibility needs to be raised in review arbitral proceedings and can only be resolved by arbitrators; that it follows from the above that an order which declared enforceable a decision lacking the properties of an arbitral award has to be cancelled";

ALTHOUGH, IN THE FIRST PART, any act of arbitrators whereby a dispute referred to the arbitrators is finally resolved, as a whole or partially, represents an arbitral award eligible for enforcement; that the above applies also to a "final arbitral award" which, like the one that is at stake in the case at hand, was issued in arbitration proceedings subject to review, in which the parties, once an arbitral award is issued, are entitled to have the case reviewed by another arbitral tribunal, provided that the dispute submitted to the arbitrators has been resolved by the award, even where the parties have exercised their right to have the case reviewed; that, having decided to the contrary, the appellate court violated the provisions of Articles 1484, 1514 and 1516 of the Code of Civil Procedure;

ALTHOUGH, IN THE SECOND PART, a decision on enforceability must be made on the basis of the inherent regularity of the decision submitted to the judge, irrespective of what fate awaits the decision with a view to the appellate remedies available against it under the arbitration agreement or the law applicable in the seat of the arbitration; that, having dismissed the application for enforcement of the arbitral award on the grounds that the Czech Republic had submitted a request for review of the arbitral award, the appellate court violated the provisions of Article 1516 of the Code of Civil Procedure;

ALTHOUGH, IN THE THIRD PART, with the exception of the application for appellate review under Article 1502 of the Code of Civil Procedure, the French law of international arbitration excludes any appellate remedies against an arbitral award; that, having concluded that the review arbitration

proceedings established by the arbitration agreement do not violate any provision of the French law, although such proceedings, which stipulate a possibility to have the entire case reviewed by a new arbitral tribunal, represent an appellate remedy available to the parties against the arbitral award, the appellate court violated Articles 1502, 1506, 1516, 1520 and 1525 (4) of the Code of Civil Procedure;

ALTHOUGH, IN THE FOURTH PART AND SUBSIDIARILY, the appellate court may refuse enforcement of an arbitral award issued in a foreign country only in cases set out in Article 1520 of the Code of Civil Procedure or if the document submitted to the court is not a veritable arbitral award whereby the dispute referred to the arbitrators has been resolved, either as a whole or partially; that, assuming, as stipulated in the contested judgment, that the arbitral award referred to the appellate court could only come into legal force in the absence of any request for review, the appellate court, which has the duty to verify whether or not the document submitted to it is indeed a final *(in legal force)* arbitral award, should have investigated whether, as argued by Diag Human (cf. its statement of the grounds for appeal, p. 9 paras. 8 and 9, p. 10 paras. 1 and 2 and p. 12 paras. 2 to 8), the request for review had been validly submitted since, if it were not the case, such a request could not have prevented the arbitral award from coming into legal force; that the appellate court, which had refused to verify the validity of the request for review, violated the provisions of Articles 1484, 1514, 1516, 1520 and 1525 (4) of the Code of Civil Procedure;

ALTHOUGH, IN THE FIFTH PART, having resolved as mentioned above, the appellate court made it impossible for the Cassation Court to verify the qualification of the arbitral award and, consequently, the compliance with the preconditions stipulated in Articles 1520 and 1525 (4) of the Code of Civil Procedure; that, on those grounds, its decision lacks legal basis with respect to the cited Articles;

ALTHOUGH, IN THE SIXTH PART, enforcement of court decisions, even where they have the nature of arbitral awards, follows from the principles of fair trial guaranteed by Article 6 (1) of the European Convention for the Protection of Human Rights and Fundamental Freedoms; that, having dismissed the application for enforcement of the Final Arbitral Award issued on 4 August 2008 in a twelve-year arbitration proceedings, although, *inter alia*, it was a proven fact and common grounds that the arbitral tribunal that was to review the case had not yet been constituted as of the date of the appellate court's judgment, i.e. more than four years after the date of the request for review, the appellate court, which prevented enforcement of a single decision issued in the contentious proceedings lasting for more than sixteen years, failed to respect its duties under the right to a fair trial and violated the provisions of Article 6 (1) of the European Convention for the Protection of Human Rights and Fundamental Freedoms;

ALTHOUGH, IN THE SEVENTH PART AND FINALLY, an arbitral award represents a property in the sense of Article 1 of Protocol 1 to the European Convention for the Protection of Human Rights and Fundamental

9                                    193

Freedoms and, consequently, any State interference with the very essence of the right to property attached thereto must guarantee a fair balance between the demands of the general interest and the mandatory requirements of the protection of the fundamental rights of an individual; that, having dismissed the application for enforcement of the Final Arbitral Award issued on 4 August 2008 in a twelve-year arbitration proceedings, although, *inter alia*, it was a proven fact and common grounds that the arbitral tribunal that was to review the case had not yet been constituted as of the date of the appellate court's judgment, i.e. more than four years after the date of the request for review, the appellate court disproportionally interfered with the very essence of the right to property attached to the arbitral award and thus violated the provisions of Article 1 of Protocol 1 to the European Convention for the Protection of Human Rights and Fundamental Freedoms.

-10-

*Page crossed-out - trans.*

Cassation complaint(s) No. S 1229112

- 11 -

## HAVING REGARD TO THE ABOVE

## THE FRENCH REPUBLIC

## SUMMONS AND ORDERS

all bailiffs to enforce the present judgment as required by these presents; attorneys general and public attorneys at first-instance courts *(tribunaux de grande instance)*, to comply with the present judgment; and all Police authorities and officers, to provide assistance whenever legally required to do so.

In witness whereof, the present copy was issued by the presiding judge, the judge rapporteur and the court officer.

THIS IS TO CONFIRM THAT THE PRESENT INSTRUMENT IS AN OFFICIALLY AUTHENTICATED COPY AFFIXED WITH A CLAUSE OF ENFORCEABILITY, DRAWN UP ON ELEVEN PAGES AND DULY STAMPED, WITH ONE PAGE CROSSED OUT, DELIVERED ON 13 MARCH 2014.

HEAD OF THE JUDICIAL OFFICE
OF THE CASSATION COURT
*Signature illegible*

*Round stamp: Cassation Court*

Stamp:

At request of SCP CELICE-BLANCPAIN-SOLTNER, Attorneys at the State Council and the Cassation Court, a copy of these presents was served on SCP FABIANI-LUC-THALER ,
attorneys at the above-specified Council and Court, through their secretary, by me, **Jacques A. AUGEARD**
bailiff at the Council of State and bailiff and court usher at the Cassation Court, on this day

Fees: EUR:          Free copies:

NINETEENTH OF MARCH TWO THOUSAND AND FOURTEEN
*Signature illegible*

*Mgr. Lucie Rounová, Ruská 1039/84, 10000 Praha 10 – Vršovice, Czech Republic*
*telephone +420 602 931 275*

## *Translation clause*

I, the undersigned, Lucie Rounová, court-appointed interpreter of English and French languages, appointed by the presiding judge of the Regional Court in Hradec Králové, Czech Republic, on 31 October 2000 (ref. No. Spr. 2658/2000), hereby certify that the English document is a true and accurate translation of the attached French original and is recorded in the register under serial number 2516.

Prague, 27 March 2014





IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DIAG HUMAN S.E.,                                    :
Langstrasse 33, 4940 Vaduz, Principality   :   Civil Action No. 1:13-cv-00355-ABJ
of Liechenstein,                                   :
                                                   :
           Plaintiff,                              :
                                                   :
     v.                                            :
                                                   :
THE CZECH REPUBLIC-MINISTRY               :
OF HEALTH,                                         :
Palackeno namesti, 4, Prague 2, 128, 01,  :
Czech Republic,                                    :
                                                   :
           Defendant.                              :

## SUPPLEMENT TO MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS COMPLAINT

### I.       PRELIMINARY STATEMENT

Defendant, The Czech Republic-Ministry of Health (the "Czech Republic"), respectfully submits this Supplement to Memorandum of Points and Authorities in support of its Motion to Dismiss the Complaint of Plaintiff, Diag Human S.E. ("Diag Human"), pursuant to rule 12(b)(6) of the Federal Rules of Civil Procedure and pursuant to the doctrine of *forum non conveniens*. New events have transpired since the Czech Republic filed its Motions to Dismiss Complaint and Memorandum in support thereof, which are relevant to the Czech Republic's alternative argument that the above-captioned action should be dismissed because the Arbitration Award is not final and capable of enforcement at this time. Accordingly, for the reasons set forth below, as well as for the reasons previously stated, the Czech Republic respectfully requests that this Honorable Court dismiss Diag Human's Complaint.



## II.   ARGUMENT

In its Memorandum of Points and Authorities in Support of Motion to Dismiss Complaint ("Brief in Support"), the Czech Republic argued in the alternative that Diag Human's Complaint fails to state a claim upon which relief can be granted under the New York Convention. (Brief in Support, Docket No. 17, pp. 11-31.) Specifically, the Czech Republic argued that enforcement of the Arbitration Award under the New York Convention should be refused because the Arbitration Award is not yet final and capable of enforcement. (Brief in Support, Docket No. 17, pp. 11-18.) In support of this argument, the Czech Republic directed the Court to the decisions of courts in other jurisdictions where Diag Human has sought to enforce the Arbitration Award and been denied. (Brief in Support, Docket No. 17, pp. 17-18.) One of the foreign decisions referenced was a decision of the Court of Appeals of the French Republic in Paris, France, which Diag Human appealed to the French Supreme Court. The appeal to the French Supreme Court was pending until very recently.

On March 5, 2014, the French Supreme Court rendered a decision dismissing Diag Human's complaint to enforce the Arbitration Award and ordering Diag Human to pay the cost of the appellate proceedings. (*See* Exhibit JJ, p. 4.) The French Supreme Court determined that the Court of Appeals had correctly concluded that the request for review nullified the Arbitration Award. In reaching its decision, the French Supreme Court relied heavily upon the language of Article V of the Arbitration Agreement. (*Id.*) In this regard, the French Supreme Court noted that the parties expressly reserved the right to request a review of the Arbitration Award, and that the Arbitration Award would only come into legal force ***in the absence of*** any requests for review. (*Id.*) Additionally, the French Supreme Court determined that the designation of "Final Arbitral Award" used by the arbitrators in the Arbitration Award referred only to the fact that the Arbitration Award had resolved the remaining disputed issues following several "Partial Arbitral

Awards." Accordingly, the French Supreme Court's decision is the final say on the matter in France, and it effectively declared the Arbitration Award unenforceable.

This recent decision of the French Supreme Court is yet another decision of a signatory country finding that the Arbitration Award is not yet final or enforceable. Considering the decisions of these other signatory countries, enforcing the Arbitration Award in the United States would be contrary to the very principles that the New York Convention is designed to promote. In this regard, the New York Convention is intended to encourage consistent recognition and enforcement of arbitration agreements in the international arena. *See, e.g., TermoRio S.A. E.S.P.*, 487 F.3d at 933-34 ("The Convention's purpose was to 'encourage the recognition and enforcement of commercial arbitration agreements in international contracts and to unify the standards by which agreements to arbitrate are observed and arbitral awards are enforced in the signatory countries.'") (citing *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 520, n. 15 (1974)). Keeping the very purpose of the New York Convention in mind, the Czech Republic respectfully submits that this Court should look to the decision of the French Supreme Court, as well as the decisions of other foreign jurisdictions, as persuasive authority when deciding whether to enforce the Arbitration Award.

Accordingly, the Court should dismiss Diag Human's Complaint because the Arbitration Award has not yet become binding as the agreed-upon review proceedings are still pending in the Czech Republic.

### III.   CONCLUSION

For the foregoing reasons, and the reasons previously articulated by the Czech Republic in its Brief in Support and Reply Brief, the Czech Republic respectfully requests that the Court grant its Motion to Dismiss, dismiss the Complaint of Diag Human, and otherwise adjourn these enforcement proceedings under the New York Convention.

Respectfully submitted,

BABST, CALLAND,
CLEMENTS & ZOMNIR, P.C.

By /s/ Dean A. Calland
       Dean A. Calland
       D.C. I.D. No. 289207
       dcalland@babstcalland.com

By /s/ Leonard Fornella
       Leonard Fornella
       Admitted Pro Hac Vice
       lfornella@babstcalland.com

By /s/ Alana E. Fortna
       Alana E. Fortna
       Admitted Pro Hac Vice
       afortna@babstcalland.com

Two Gateway Center, 6th Floor
Pittsburgh, Pennsylvania 15222
Telephone: 412-394-5400

Attorneys for Defendant,
The Czech Republic-Ministry of Health

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of March, 2014, I electronically filed the foregoing **Supplement to Memorandum of Points and Authorities in Support of Motion to Dismiss** with the Clerk of Court using the Court's ECF system, which automatically sent notification of such filing to the following:

James R. Schiffer, Esquire
Hyman L. Shaffer, Esquire
ALLEGAERT BERGER & VOGEL LLP
111 Broadway, 20th Floor
New York, NY 10006

/s/ Alana E. Fortna